Smith v. Frenche.

PETER SMITH

*v.*

JAMES FRENCHE and others.

1. A defendant (not a solicitor) appeared in a suit for partition on behalf of himself and his wife, and in writing consented, for both, to an order of reference, although they had answered and the

cause had not been set down. They both appeared before the master, on the reference, and were not only present at the taking of the testimony there, but were themselves examined, on their own behalf, as witnesses. *Held*, that the objection of irregularity could not avail them.

2. Such objection is not a ground of exception to the report.

3. The premises held to be clearly indivisible.

In partition.  Exceptions to master's report.

*Mr. James Frenche, in pro. pers.*

*Mr. Thomas Kays*, for complainant.

THE CHANCELLOR.

The defendants, James Frenche and his wife, except to the master's report on two grounds, first, that the order of reference was irregular (the cause had not been set down) in view of the fact that they have answered, and next, that the master reports that the property cannot be divided without great prejudice to the owners. As to the first exception, the defendant, Mr. Frenche, who appears on behalf of himself and his wife, consented, in writing, for both, to the reference, as appears by an endorsement on the order. Both he and his wife were present at the examination of witnesses on the reference, and were both examined. Neither of them made any objection to the reference on the grounds of irregularity. This objection cannot avail them. *Waln* v. *Meirs*, 12 *C. E. Gr.* 77. Besides, it is not a ground of exception to the report. The premises consist of about two hundred and thirty acres of wild mountain land, in a comparatively remote situation. None of it is arable. The wood upon different parts of it is of different values. Some of it is old and some of it young. There are indications of the existence of minerals in some parts of it. The master reports that it cannot be divided among the owners without great prejudice to their interests. Two of the defendants own each one one-hundred-and-forty-fourth part of the

property; another, a ninety-sixth part; another, a thirty-second part, and another, one-ninth. The complainant owns five-sixths. It is quite manifest that the master is right in his conclusion as to the indivisibility of the property. The exceptions will be overruled, with costs. The defendants, Frenche and wife, insist that if the property be sold, it should be sold in parcels. The master, by whom it will be sold, will, in the usual way, be directed by the order to sell the property in one or more parcels, as he shall deem most advantageous to the parties in interest.